UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ALICE HADLEY TRUE CRAIN,

Plaintiff,

v.

NANCY A. BERRYHILL,

Defendant.

Case No. 16-cv-06292-RMI

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 14, 20

Plaintiff, Alice Hadley True Crain, seeks judicial review of an administrative law judge ("ALJ") decision denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff's request for review of the Administrative Law Judge's ("ALJ's") unfavorable decision was denied by the Appeals Council. The ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (Docs. 6 & 10), and both parties have moved for summary judgment (Docs. 14 & 20). For the reasons stated below, the court will grant Plaintiff's motion for summary judgment, and will deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## SUMMARY OF THE MEDICAL EVIDENCE

*Mental Impairments:*

Plaintiff alleges that she suffers from bipolar disorder, obsessive compulsive disorder ("OCD"), depression, and anxiety, and has endured symptoms from these conditions for many years. (*See* Doc. 14 at 6). On February 1, 2016, her primary treating physician, Donald Baird, M.D., prepared a Medical Source Statement ("MSI") (*see* Administrative Record, Doc. 13, "AR" at 580). Dr. Baird noted that he had been treating Plaintiff on an ongoing basis, and that his diagnoses, observations, and opinions as to her functional limitations were based on his long and continuous relationship with Plaintiff. (*Id*.). Dr. Baird described Plaintiff's mental health history as including each of the four conditions alleged (bipolar disorder, anxiety disorder, OCD, and depression), and noted that Plaintiff had been suffering "severe symptoms for many years" (dating back to November of 2009). (*Id*.).

Regarding Plaintiff's depression, Dr. Baird specifically noted that Plaintiff had been suffering severe depressive symptoms that are affecting activities of daily living and personal care. (*Id*.). Dr. Baird concluded that due to Plaintiff's mental health conditions, she would have "marked difficulty" in the following areas: concentration, persistence and pace; conforming to a schedule with regular and punctual attendance; interacting appropriately with others; responding appropriately to changes in the work setting; and, learning complex tasks. (*Id*.). A physician contracted by the Commissioner reviewed Plaintiff's medical records on January 9, 2014, and determined that Plaintiff's depression appeared to be non-severe, explaining only that "there is no evidence for greater than mild impairment in any areas of AF." (AR at 104, 105).

*Physical Impairments:*

As to Plaintiff's physical impairments, Dr. Baird's MSI also noted Plaintiff's history of arthropathy causing swelling and stiffness in her hands and dating back to July of 2009, which has been diagnosed as carpal tunnel syndrome and "which continues to be a problem." (AR at 580). This physical impairment was well documented in the longitudinal medical record. (*See* AR at 543-48, 551, 556, 560, 578). Nevertheless, the consulting physician contracted by the Commissioner to review Plaintiff's medical records noted in January of 2014 (without explanation) that Plaintiff "does not appear to have a severe physical condition," and that "[t]here is no medical evidence of a severe physical impairment." (AR at 104). Plaintiff also testified extensively regarding the effects of the arthropathy in her hands at the hearing before the ALJ. (*See* AR at 38, 42-46, 59-61).

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*id*. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (*id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. (*See* AR at 12-23).

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (AR at 14).

At Step Two, the claimant bears the burden of showing that she has a medically severe

impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the following severe impairments: anxiety disorder and bipolar disorder. (AR at 33-34).

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *Id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR at 14-16). Next, the ALJ determined that Plaintiff retained the RFC "to perform a full range of work" with several physical and environmental limitations. (AR at 16-21).

At Step Four, the ALJ determined that Plaintiff has no past relevant work and that she has never engaged in substantial gainful activity. (AR at 21).

At Step Five, the ALJ concluded that based on the testimony of the VE, and the ALJ's formulation of the RFC, that Plaintiff was capable of making a successful adjustment to work that existed in significant numbers in the national economy; and thus, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 20, 2012, through the date of the decision. (AR at 22-23).

**ISSUESS PRESENTED**

Plaintiff presents two issues for this court's review of the ALJ's decision: (i) whether in determining Plaintiff's RFC, the ALJ failed to consider carpal tunnel syndrome and hand swelling, and whether it was error to characterize this condition as non-severe; and, (ii) whether the ALJ erred by failing to consider medical opinion evidence that Plaintiff meets the requirements of Listings 12.04 and 12.06.

\\

**DISCUSSION**

In her first issue, Plaintiff contends that in determining the RFC, the ALJ failed to consider carpal tunnel syndrome and hand swelling, as that it was error to characterize this condition as non-severe. (*See* Doc. 14 at 8). In the second issue, Plaintiff asserts that the ALJ erred by failing to consider medical opinion evidence that Plaintiff meets the requirements of Listings 12.04 and 12.06.

As stated above, following the sequential evaluation process, after making a Step Two determination about the medical severity of an impairment or combination of impairments, the ALJ proceeds to Step Three where the claimant's impairments are compared to those listed in appendix 1 to subpart P of part 404. If the claimant is unable to bear the burden of showing that her impairments meet or equal an impairment in the listing, the ALJ assesses the claimant's RFC and proceeds to Step Four. Because the court finds error at Step Two warranting remand, the court does not find it necessary to address Plaintiff's arguments pertaining to the ALJ's Step Three analysis, or Plaintiff's arguments pertaining to the ALJ's formulation of the RFC.

Plaintiff argues that the ALJ erred by finding her carpal tunnel syndrome and hand swelling to be non-severe. (Doc. 14 at 8). Defendant responds that the ALJ found the condition to be non-severe due to "lack of duration and impact." (Doc. 20 at 3). Defendant further points out that the ALJ cited specific reasons for that finding, namely, that Plaintiff was once given a wrist-brace to wear and instead chose not to wear it. (*Id*. at 3-4). Defendant also argues that Plaintiff's carpal tunnel syndrome is not severe because it is not attended with physical pain. (*Id*. at 5). Plaintiff replies that her treating physician's opinion established that the condition is severe, and that it has caused severe impairments. (Doc. 23 at 1). Plaintiff adds that the ALJ failed to articulate clear or convincing reasons for rejecting the treating physician's opinion as to the severity and impact of the carpal tunnel syndrome and hand swelling. (*Id*. at 2).

"An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.' S.S.R. No. 96–3(p) (1996)." *Webb*, 433 F.3d at 686. "An impairment or combination of impairments may be found not severe *only if* the evidence establishes a slight abnormality that has

5

no more than a minimal effect on an individual's ability to work." *Id*. (internal citation omitted) (emphasis in original). Step Two then, is "a *de minimis* screening device [used] to dispose of groundless claims." *Id*. at 687 (internal quotation omitted).

The ALJ decision determined that Plaintiff's physical conditions were non-severe, and the only explanation offered was, "due to lack of duration or impact." (AR at 14). The Defendant offers supplemental justifications, found elsewhere in the record, but not found in the ALJ's Step-Two analysis. (*See* Doc. 20 at 3-5) (citing AR at 392, 104, & 284-85).

The record, however, contained medical opinion from Plaintiff's treating physician who noted Plaintiff's history of arthropathy causing swelling and stiffness in her hands dating back to 2009 (which is indicative of duration); and which, as Dr. Baird noted, "continues to be a problem," (which is indicative of impact). (AR at 580). This physical impairment was also well documented in the longitudinal medical record. (*See* AR at 543-48, 551, 556, 560, 578). However, the ALJ's decision made no mention of this in its Step-Two analysis determining Plaintiff's carpal tunnel syndrome and hand swelling to be non-severe.

The court finds that the ALJ's failure to discuss this evidence in making the Step Two determination was reversible error. While the ALJ is certainly able to reject evidence of record when making the Step Two determination, the ALJ must, at the very least, provide reasons for doing so. *See e.g. Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("The ALJ may discount testimony from [a physician's assistant] if the ALJ gives reasons germane . . . for doing so" and "the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.") (internal quotations omitted). Here, the ALJ's explanation, "due to lack of duration and impact," is both legally insufficient, and contradicted by the record.

The Commissioner attempts to avoid this shortcoming in the ALJ's decision and to focus the inquiry on evidence elsewhere in the record offered as support of the ALJ's Step Two finding. However, it is not for this court to evaluate the ignored evidence in the first instance, assign it weight and then reweigh it against the other evidence of record, or to provide a *post hoc* justification or supplementation for its rejection. Instead, the court is to review the ALJ's

6

evaluation of the evidence. This is why the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). The evidence outlined above is consistent with Plaintiff's claims and should have either been accepted by the ALJ, or specifically rejected with an explanation. Accordingly, the ALJ erred.

"The ALJ's failure to address plaintiff's [carpal tunnel syndrome and hand swelling] at Step Two indicates that the ALJ may not have accounted for all of plaintiff's impairments during subsequent steps of the sequential evaluation process." *Richard v. Colvin*, No. C13-6055 RBL, 2015 WL 2085610, at *4 (W.D. Wash. May 5, 2015). The court finds, therefore, that it cannot resolve the additional issues raised by Plaintiff until the error in the Step Two analysis is corrected. *See Haverlock v. Colvin*, No. 2:12-CV-2393-DAD, 2014 WL 670202, at *5 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at Step Two, the court need not address plaintiff's remaining claims.").[1] Thus, remand is necessary.

## CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for summary judgment, DENIES the Defendant's motion for summary judgment, and REMANDS this matter for further proceedings in accordance with this Order.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: February 5, 2018.

ROBERT M ILLMAN
United States Magistrate Judge

---

[1] The court notes at this point that the ALJ's Step-Two analysis also made no mention, or engaged in any analysis, of Plaintiff's other alleged non-physical ailments, namely depression and OCD. On remand, the Commissioner is instructed to render a Step-Two analysis that also includes those conditions.

7